J. C. BEATY V. STATE.

No. 26,254. February 18, 1953.

*Fred Whitaker,* and *L. P. Caston,* Carthage, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of an assault with intent to murder with malice upon his mother-in-law, Ebbie Jones. The jury assessed his punishment at two years in the penitentiary and rejected his application for suspension of sentence.

Appellant was separated from his wife and three children and they were making their home with her mother, Ebbie Jones. On the occasion of the difficulty, appellant approached his wife and Ebbie Jones on the streets of Carthage and, following a conversation with his wife regarding a reconciliation, seems to have become incensed when Ebbie Jones remarked that he was not doing anything for her daughter and she wanted to take care of her, and threatened to call the law.

Appellant went to his car and returned with a .38 caliber short barrel pistol, saying: "I am going to kill every God damned one of you," and started shooting. Four shots fired by appellant struck Ebbie Jones in the hip, the leg, the right breast and the hand. She was hospitalized for some eight days and was cared for by her daughter for about a month thereafter because of the wounds she received, but none of the wounds proved to be of a permanent nature.

The evidence further shows that one Peggy Joyce Bootie, a niece of Ebbie Jones, engaged in conversation with appellant, just prior to his going for his pistol, and accused him of driving slowly in front of her home and shooting over the top of the house. Appellant produced a witness who testified that Peggy Joyce Bootie had a knife in her hand at the time.

Appellant did not testify and offered no testimony tending to show any defense or justification for the assault. No affirmative defense was submitted in the court's charge.

Several witnesses testified to appellant's good reputation as a peaceable, law-abiding citizen.

Bills of Exception 3 to 7, inclusive, complain that on cross-examination character witnesses were asked "Had you heard about him breaking his wife's arm?" or "Haven't you heard of J. C. Beaty breaking his wife's arm in January of this year?" or questions of a similar nature.

It is appellant's contention that the questions as framed implied that appellant had committed an assault upon his wife two months prior to the crime for which he was on trial and the asking of the respective questions was error under the holdings of this court in Wharton v. State, 157 Tex. Cr. R. 326, 248 S.W. 2d 739, and McNaulty v. State, 138 Tex. Cr. R. 317, 135 S.W. 2d 987.

If appellant be correct, the questions and answers brought no new fact before the jury and could not have injured appellant. Appellant's wife testified as a witness in his behalf, and on cross-examination testified without objection that "in January of this year" appellant broke her arm and she filed a complaint against him and separated from him at that time.

Reversible error is not shown by these bills.

Appellant next presents in his brief Bill of Exception No. 8 relating to the argument of the county attorney.

The bill certifies that in his opening argument the county attorney stated "that a number of people testified on the question of the general reputation of the defendant for being a peaceable, law abiding citizen, but only one that was asked and said he had a good reputation had heard that on the 7th day of January, 1952, he was convicted of an assault and battery upon his wife that he loved so much."

The trial judge certifies further that immediately upon objection to this statement, the court withdrew from the jury that part of the argument which was beyond the record.

It appears that the court had sustained objection to the state's question as to the conviction of appellant on the complaint which his wife had filed, the objection being "there is better evidence." However, there is testimony in the record, as above stated, as to the assault and the filing of complaint by appellant's wife, of which some of the character witnesses had heard.

The trial court having promptly sustained this objection to that part of the argument which suggested that appellant was convicted of such assault, and the minimum punishment having been assessed, we do not view the argument as of such nature as to call for reversal of the conviction.

Appellant's brief next presents his complaints shown by Bills of Exception 1 and 2, relating to the failure of the trial court to invoke the rule as to certain witnesses, permitting them to remain in the courtroom and hear the testimony of prior witnesses before they testified. Bill of Exception No. 1 complains that Leon Carpenter, a city police officer, was excused from the rule, while Bill of Exception No. 2 is directed to the court's excusing from the rule Newburn Fleming, a police officer at the time of the offense but not at the time of the trial.

Each of these bills is qualified by the trial judge wherein he certifies: (1) that there was a large crowd in attendance at the trial and only one deputy sheriff present, and he believed that the services of Carpenter and Fleming might be needed to wait on the court and keep order; (2) that he exercised his discretion in excluding these witnesses from the rule, knowing their high character and integrity, and being of the opinion no harm could result to appellant by reason thereof; (3) that three witnesses had testified before appellant's counsel requested that the witnesses be placed under the rule, and (4) no objection was made to the testimony of the witnesses at the time it was given by reason of their presence in the courtroom during the trial.

As qualified these bills show no abuse of discretion by the trial judge. See Arts. 644 and 645 V.A. C.C.P.; Stevens v. State, 146 Tex. Cr. R. 42, 171 S.W. 2d 135.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.