CHARLEY BALDWIN v. THE STATE.

No. 4702.    Decided November 21, 1917.

Rehearing December 12, 1917.

**1.—Unlawfully Carrying a Pistol—Notice of Appeal—Statement of Facts.**

Where the record fails to contain a notice of appeal, this court has no jurisdiction; besides, the transcript fails to show an order of the court allowing the filing of a statement of facts and bills of exception. However, the defects having been remedied the appeal is reinstated.

**2.—Same—Evidence—Impeaching Witness—Ill-will.**

Where the principal State's witness testified that no ill-feeling existed between him and the defendant, it is reversible error to refuse the defendant to show that such feeling did exist, and he should have been permitted to show for the purpose of impeaching State's witness his ill-will against the defendant; although the State might have shown the contrary.

Appeal from the County Court of Kaufman. Tried below before the Hon. J. P. Coon.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Chas. Ashworth* and *Ross Huffmaster,* for appellant.—On question

of impeaching witness: Smith v. State, 20 S. W. Rep., 554; Wyatt v. State, 38 Texas Crim. Rep., 259; Gelber v. State, 56 id., 462.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of unlawfully carrying a pistol, his punishment being assessed at a fine of $100.

There are two troubles in the record which precludes the consideration of the matters presented for revision. The first is, the record does not contain notice of appeal, and, second, there is not found in the transcript an order of the court allowing the filing of statement of facts and bills of exception after the termination of the term of court. For these reasons the appeal can not be considered, and if it could be, without proper order in the record authorizing the consideration of these matters, they could not be reviewed.

For the reason indicated, viz: want of notice of appeal, the appeal will be dismissed.

*Dismissed.*

### ON REHEARING.

#### December 12, 1917.

DAVIDSON, Presiding Judge.—On a previous day of the term the appeal was dismissed for reasons stated in the opinion. The defects have since been cured and a motion for reinstatement of the case and hearing on its merits requested. This will be granted and the case disposed of on its merits.

The case for the State was made by the testimony of the witness Gibson Dodd, who testified that on the night of December 1, at Bill Hughes' residence he saw defendant with Bill Hughes between Hughes' house and the barn, and saw defendant with a pistol in his hands. "He had it in both hands kind of holding it out in front of him." This was the State's case. On cross-examination a predicate was laid to contradict him. The defendant introduced Hughes for this purpose. Hughes stated that he did not see appellant with a pistol at the time. He denied being present at the point designated by the witness Dodd at the time stated by Dodd. He also denied seeing appellant with a pistol. He stated he was at the barn with appellant at a different time than that indicated by Dodd, but did not see appellant with a pistol at any time that night. Appellant denied by all of his testimony having a pistol that night.

A bill recites that while the witness Dodd was on the stand testifying he was asked by appellant's counsel what state of feeling existed between him and the defendant, to which witness answered that it was good. He was then asked the further question: "Is it not a fact that you and defendant had a difficulty since the party at Bill Hughes' down at Rhodes' store?" Witness answered in the negative. He was then further asked if it was not a fact that he started to hit defendant with a quart bottle of whisky, to which witness answered he did not;

and thereafter while defendant was on the stand testifying in his own behalf his counsel propounded to him the following question: "What is the state of feeling between you and the prosecuting witness, Gibson Dodd?" To which the defendant would have answered, if permitted to do so, that the feeling between himself and prosecuting witness was bad. Appellant was again asked this question: "State whether or not you and prosecuting witness, Gibson Dodd, had a difficulty since the party at Hill Hughes' down at Rhodes' store?" The defendant would have answered, if permitted to do so, that he did have such difficulty. He was then asked "whether or not he started to hit you with a quart bottle of whisky," to which he would have answered, if permitted to do so, that the prosecuting witness, Dodd, did try to hit him with a bottle of whisky. The State's objection was sustained and the witness not permitted to answer, but would have answered as indicated. This testimony was sought for the purpose of impeaching and showing the animus of the witness Dodd against defendant. The court qualifies this bill as follows: "The objection to the testimony set out in the bill was sustained for the reason that the witness Dodd testified on the trial that he became a witness in the case after he had been called before the grand jury, and that he testified to the same facts before the grand jury that he was testifying to on the trial, and the court held that the defendant could show the state of feeling between defendant and the witness Dodd prior to and at the time the witness Dodd went before the grand jury but not afterwards, which question defendant's counsel refused to ask." This bill of exceptions clearly shows error. It is not necessary that the state of feeling between the parties should be relegated to the time of going before the grand jury and prior thereto. If his state of feeling was bad at the time of the trial, this could be shown both to impeach and to show his animus. The animus relates to his testimony to be considered by the jury. Had he been permitted to be impeached he might have stated that his state of feeling was good at the time he went before the grand jury, and that his testimony was the same then as delivered before the jury, but that would not preclude the defendant from showing the contrary, and even the corroborating statement of the witness would not be permissible unless he had been impeached, and in this instance the court refused to permit the impeachment, or to show the animus.

For these errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*