T. E. WHARTON v. THE STATE.

No. 20728. Delivered November 1, 1939.

The opinion states the case.

*Bartlett & Bartlett,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Upon a plea of guilty appellant was convicted of theft of cattle, and his punishment assessed at two years in the penitentiary.

Appellant asked for a suspended sentence which the jury declined to recommend.

We have not been furnished with a statement of facts. Appellant brings forward three bills of exception complaining of matters which he says impinged on his plea for suspended sentence.

Bill of exception number one recited that the district attorney asked appellant if he "farmed during the year 1938." The bill fails to show whether the question was ever answered, and if so, what the answer was. The bill then recites that appellant offered to show that on account of illness he was unable to work during the time mentioned. The court refused the proffered testimony and appellant complained of such ruling. In the absence of a statement of facts we think the bill of exception presents no reversible error.

Bill number two recites that appellant placed his wife on the witness stand and proved by her appellant's good reputation as a law-abiding citizen, and that he had never been convicted of a felony, and that on cross examination the district attorney asked her "what offense the defendant had been convicted of in the years 1928 and 1929 in Federal Court," and that over appellant's objection the court required the witness to answer, but the bill is entirely silent as to what the answer was. This bill presents no error. See Branch's Ann. Tex. P. C., Sec. 210; 4 Tex. Jur., Sec. 211, p. 303.

Bill number three complains that the court over appellant's objection permitted the State to elicit the fact that some seven or eight years prior to the present trial appellant had been "charged" with the theft of chickens. Appellant's objection was that it was too remote and because appellant had never been indicted upon such charge. Of course, if the accusation for chicken theft had never been merged into a legal charge the State could not prove the incident. See 45 Tex. Jur., Sec. 241, p. 102, and Branch's Ann. Tex. P. C., Sec. 167, p. 101; Newton v. State, 94 Tex. Cr. R. 288, 250; S. W. 1036. However, the bill recites that the inquiry of the State about chicken theft charge occurred "after defendant had shown that he had never been indicted for the alleged offense and was innocent of the charge." It thus appears from the bill that appellant first developed the chicken theft incident, whatever it may have been, and the inquiry by the State could not under the circumstances be held reversible error.

The judgment is affirmed.