CLYDE SCARBER V. STATE

No. 25573. December 19, 1951.

Hon. Frank E. Fulgham, Judge Presiding.

*W. E. Fitzgerald,* Wichita Falls, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to murder, with a sentence of two years in the penitentiary.

The prosecuting witness had lost a dog and had made inquiry for it which created an impression on the part of appellant that he was being accused of stealing the dog. Appellant got a Negro, Willie Fitzpatrick, to go with him to the home of the prosecuting witness and, according to the state's evidence, he cursed and abused the prosecuting witness who resented the language used toward him, which resulted in a fight during which appellant cut his antagonist several times with a knife and inflicted wounds which, from the extent and location, would be sufficient under proper procedure to support conviction.

The record brings forward seven bills of exception. Appellant had filed an application for suspended sentence. He introduced a witness who testified that he had never been convicted of a felony in this or any other state. Nothing was asked about his general reputation, nor was it necessary to prove same to comply with the statutory requirement. The filing of his application, however, gives the state the privilege of proving his general reputation in order that the jury may determine whether or not they want to give the party on trial the benefit of the suspended sentence law. It does not give the state the authority to go into specific acts and conduct and to prove specific charges against defendant. This is in accord with the general rule. See Jones v. State, 125 Tex. Cr. R. 616, 69 S.W. 2d 773 and Williams v. State, 130 Tex. Cr. R. 86, 91 S.W. 2d 709.

Bill of Exception No. 2 complains of the ruling of the court in permitting the state to prove by cross-examination of appellant's witness that the accused was, on May 6th, 1945, in Jack County, Texas, charged with the offense of rape. The bill shows that this charge was before a justice of the peace, that no indictment was ever returned, and no conviction had thereon.

Bill of Exception No. 3 complains of the ruling of the court which permitted the state to prove that the defendant, on or about December 20th, 1947, in Jack County, Texas, was charged with the offense of rape. Again, this charge was before a justice of the peace, no indictment was returned, and no conviction had thereon.

Bill of Exception No. 4 complains that the court permitted the state to prove "That about a week ago in Montague County, he was charged with a misdemeanor—simple assault—and paid a fine therefor."

Bill of Exception No. 7 complains of the argument of the prosecuting attorney made to the jury on the issue of the suspended sentence, in which the attorney said: "I call your attention to the fact that in 1945, this defendant was charged with rape, and also in 1947, he was charged with the offense of rape."

Each of these bills reflects error. The charges in the justice of the peace court cannot be utilized by the state in the manner set out in the bills. See Wharton v. State, 107 Tex. Cr. R. 558, 132 S.W. 2d 877; 45 Tex. Jur., Sec. 241, p. 102; Branch's Ann.

P.C., Sec. 167, p. 101; Newton v. State, 94 Tex. Cr. R. 288, 250 S.W. 1036; and Widener v. State, 109 Tex. Cr. R. 423, 5 S.W. 2d 138.

For the errors pointed out the judgment of the trial court is reversed and the cause is remanded.