## JUAN PENA V. STATE.

No. 25616. January 16, 1952.
Rehearing Denied February 27, 1952.

Hon. Ross E. Doughty, Judge Presiding.

*Leo Darley,* Uvalde, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Upon an indictment charging murder with malice, appellant

was convicted of murder without malice and his punishment assessed at five years in the penitentiary.

Appellant confessed that he killed deceased by shooting him with a gun, and offered evidence that he shot in self-defense against the actual attack of deceased and others.

The conclusion is expressed that the facts support the verdict, and appellant's contrary contention is overruled.

The jury having found appellant guilty only of murder without malice, his contention that the trial court erred in submitting to the jury murder with malice is untenable. For appellant to have been injured by an instruction upon murder with malice, the conviction of necessity would have been for that offense.

Appellant's contention as presented by his Bill of Exception #4 is answered by the well-established rule that in order to impeach a witness by proof of the commission of other offenses, such offenses must be felonies or misdemeanors involving moral turpitude. Branch's P. C., Sec. 167.

Other bills of exception appearing in the record have been examined and are overruled without discussion.

No reversible error appearing, the judgment is affirmed

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING

BEAUCHAMP, Judge.

Appellant's motion for rehearing is directed at the complaint that this court erred in not sustaining his Bill of Exception No. 4.

This bill complains because he was not permitted to ask the witness Rudolfo Martinez about his conduct in living in adultery with a woman not his wife. In the state of the record we see no materiality whatsoever in this evidence. It is true that the jury might have viewed his testimony different from what they did, and yet his testimony so far as material to anything in the case was on uncontroverted matters. This witness heard a report of the fight outside while he was still on the inside of the saloon. He then testified that he did not see the fight while he was on the outside. Whether or not this is in conflict with anything

that appellant testified to is not made clear. It would be rather an extreme construction for us to say that it is. From all of the evidence in the case there is little to raise an issue controverting appellant's story of a conflict between himself and others prior to the shooting. He does not tie himself to specific details and neither does the witness Martinez. The verdict of the jury finding appellant guilty of murder without malice too clearly indicates that the jury found in favor of appellant's story about others attacking him.

In our view no reversible error was committed by the procedure complained of. Appellant's motion for rehearing is overruled.