Guillermo Gonzales RODRIQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 27109.

Court of Criminal Appeals of Texas.

Nov. 3, 1954.

Howze & Howze, Murray J. Howze, Monahans, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

DAVIDSON, Commissioner.

This is a conviction for possessing marihuana, a narcotic drug, with punishment assessed at six years in the penitentiary.

The sheriff of the county engaged a twenty-five-year-old Negro by the name of Williams to assist him in a marihuana investigation. Following and in pursuance of Williams' agreement to help, Deputy Sheriff Ratliff gave to Williams two one-dollar bills to "go get marihuana with." The two one-dollar bills were marked by Ratliff so that he might thereafter identify them.

In pursuance of these instructions, Williams contacted Pedro Garza and inquired if he knew where he could get some marihuana. After answering affirmatively, Garza got into a car with Williams and drove to what he referred to as the "next joint above there." When Williams gave him the two marked one-dollar bills, Garza left and was gone approximately fifteen minutes before returning with the two marihuana cigarettes which he delivered to Williams. Williams, in turn, delivered them to Deputy Sheriff Ratliff.

Accompanied by Ratliff, Garza soon thereafter identified appellant as the person from whom he purchased the cigarettes and to whom he delivered the two marked one-dollar bills.

Ratliff arrested appellant at Quellar's Bar, operated by Venezuela, and found on his (appellant's) person one of the marked one-dollar bills which he had given to Williams.

The cigarettes were thereafter submitted to the Department of Public Safety for analysis and were found to contain marihuana.

Testifying as a witness in his own behalf, appellant denied that he sold or delivered the marihuana cigarettes to Garza. He explained his possession of the marked one-dollar bill by saying that he received it from the operator of a bar as part of the change from a ten-dollar bill. The operator of the bar corroborated appellant's testimony as to the making of the change for the ten-dollar bill. She also testified to facts suggesting that the marked bill came into her possession from Garza.

Appellant explained that Garza's testimony against him was caused by ill-feeling growing out of a fight between them.

Appellant filed an application for a suspension of sentence and testified, in support thereof, that he had never before been convicted of a felony in this or any other state. In addition to such proof and in connection therewith, appellant testified that he had "never been in any serious trouble" before.

Upon cross-examination by the state, appellant admitted that he had been in jail for disturbance; that about a year prior he had been in jail for "vag"; and that on repeated occasions the officers had put him in jail for two or three days and turned him loose.

In its brief, the state concedes that the cross-examination was unauthorized and that, under ordinary circumstances, it would constitute reversible error, but it insists that appellant, here, opened the door for proof of such facts in his direct testimony by saying that he had never been in serious trouble before.

■ In Scarber v. State, 156 Tex.Cr.R. 542, 244 S.W.2d 207, we re-stated and approved the well-established rule that the filing of an application for a suspended sentence did not authorize the state to prove specific acts of misconduct against the accused.

■ In addition to that rule, Art. 732a, V.A.C.C.P., expressly prohibits the state from using, for impeachment purposes, accusations which have not resulted in a final conviction. Dempsey v. State, Tex.Cr.App., 266 S.W.2d 875.

■ It is apparent that the testimony as to acts of misconduct was not admissible for impeaching the appellant upon his testimony that he had not been in serious trouble.

It is suggested that Eloms v. State, Tex. Cr.App., 264 S.W.2d 725, 726, is contrary to the conclusion expressed. There, the accused, in addition to stating that he had never before been convicted of a felony, implied that he had never been in any trouble. He was then asked, on cross-examination by the state, about prior misdemeanor convictions not involving moral turpitude. The trial court finally instructed the jury not to consider the testimony for any purpose. There we said·

"In view of appellant's failure to timely object and the ruling of the court in withdrawing the evidence complained of from the consideration of the jury, we fail to find reversible error reflected by the bills."

■ Such is not the case before us. The appellant here said, in addition to the fact that he had not been convicted of a felony, that he had not been in any serious trouble. The state used this last statement as a predicate for asking him about several arrests for misdemeanors not involving moral turpitude and not resulting in convictions. In this case, the objections were prompt and were overruled, and no instruction was given to the jury to disregard this method of impeachment under art. 732a, Vernon's C.C.P.

The Eloms case is not deemed here controlling.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the court.