MILLIE SIDNEY DAVIS v. STATE

No. 29,403. January 8, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 26, 1958.

*Biery and Biery,* by *Sam F. Biery,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *K. Key Hoffman, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

The witness Gomez testified that on the night in question, while returning from a drive-in theater with his family, the automobile which he was driving was involved in a collision with a truck-tractor driven by the appellant. He stated that following the collision he observed that the appellant's face was very red, that "he could not hold himself. He was holding himself on the truck," and expressed the opinion that the appellant was intoxicated.

Sergeant Walker of the San Antonio police testified that he arrived at the scene of the collision and there observed the appellant, that he smelled like he had been drinking beer, and that from his speech and the manner in which he walked and from his general appearance the witness expressed the opinion that the appellant was intoxicated.

Police Officer Salazar testified that at the scene of the collision he smelled a strong odor of intoxicants on the appellant's breath, observed that he was unsteady on his feet and was swaying, stated that he had difficulty in understanding his speech, and expressed the opinion that the appellant was intoxicated.

It was shown that the appellant was given the Harger breath test for alcohol, that the preliminary visual test indicated that the appellant had .23 per cent of alcohol in his blood, while the final weighing of the ascorite tube indicated that he had .21 per

cent, either of which would indicate intoxication. All the safeguards to accuracy which this court pointed out in Hill v. State, 158 Texas Cr. Rep. 313, 256 S.W. 2d 93, appear to have been followed. The fact that the test was given more than an hour after the collision cannot affect the admissibility of the results of the test, appellant having consumed no alcohol after the accident. See Greiner v. State, 157 Texas Cr. Rep. 479, 249 S.W. 2d 601.

The appellant, testifying in his own behalf, stated that he had drunk eight bottles of beer during the afternoon and evening preceding the collision but denied that he was intoxicated.

We find the evidence sufficient to support the conviction and shall discuss the contentions advanced in appellant's brief and argument.

We observe at the outset that, while we pass upon the sufficiency of the evidence to support all convictions, we do this from an examination of the testimony which appears in the record. If we find sufficient evidence in the record, we must hold the same to be sufficient to sustain the conviction. The question of the credibility of the witness is for the jury. We make this observation because of the appellant's insistence that we disregard the testimony of some of the state's witnesses.

Appellant insists that the court erred in admitting the evidence of the results of the Harger breath test. The basis of his contention is that the arresting officer induced the appellant to submit to the test and thereby rendered his consent to the taking of the test involuntary. The officer testified that he told the appellant it would make him (the arresting officer) feel better if he (the appellant) would take the test and that he would appreciate it if the appellant would do so. We are not impressed with the thought that such statements standing alone would render the consent involuntary but do observe that when the appellant testified in his own behalf he at no time mentioned such statements nor did he state that he relied upon them or was motivated by them at the time he agreed to take the test.

Appellant next contends that the court erred in permitting the state to cross-examine the appellant about extraneous offenses. In view of the record, this is a most novel contention. On direct examination by his own counsel, the appellant was asked about his condition at the time of his arrest. He replied, "I am always nervous when I get into anything like that or have any

kind of trouble." He was then asked by his own counsel, "Have you ever been in trouble before?" to which he replied that he had been arrested "once for drunk and once for fighting, and I paid two traffic violations."

If we understand the appellant's contention, it is that he was induced to ask the last question by the trial court. With this, we do not agree. The state objected on the ground that the appellant was attempting to bolster himself as a witness, and the court, in response to counsel's statement "I want to clear up to the jury that he has not been arrested" overruled the state's objection by saying, "Ask him if he has ever been in trouble before." Prudence would dictate that counsel familiarize himself with his client's background before placing him on the stand.

We note that on cross-examination the state was careful to limit their examination to these four prior arrests. In his brief, appellant cites Dempsey v. State, 159 Texas Cr. Rep. 602, 266 S.W. 2d 875; Rodriguez v. State, 160 Texas Cr. Rep. 453, 272 S.W. 2d 366; and Orozco v. State, 164 Texas Cr. Rep. 630, 301 S.W. 2d 634.

In Dempsey, the extraneous offenses were brought out by the state on cross-examination and were clearly beyond the scope of appellant's direct examination.

In Rodriguez, the appellant stated in his direct examination that he had never before been in any serious trouble, and this court held it reversible error for the state to be permitted to cross-examine him concerning misdemeanor charges against him which did not involve moral turpitude and had not been reduced to convictions.

In Orozco, the majority held that where the appellant had stated on direct examination that he had never "paid a fine or anything of that nature" it was not error to cross-examine him about a fine and jail sentence assessed against him in Arizona.

None of these authorities is controlling here because, as stated, the state in their cross-examination did not go beyond the scope of the direct examination.

Finding no reversible error, the judgment of the trial court is affirmed.