Francisco Garcia v. State.

No. 30,306. January 14, 1959.

*Hight and Thompson,* by *Grady Hight,* Fort Worth for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder without malice; the punishment, five years.

In view of our disposition of this case, it is unnecessary to set out the facts other than to observe that the appellant testified he shot in self defense, and made application for a suspended sentence.

On cross-examination, the appellant was asked, "Have you ever been arrested for unlawfully carrying a pistol?" and was required to answer that he had been "somewhere around 1950." It was established for the purpose of the bill, in the absence of the jury, that at the time the prosecutor asked the question he knew the prosecution against the appellant for carrying the pistol had been dismissed.

Recently, in Dempsey v. State, 159 Texas Cr. Rep. 602, 266 S.W. 2d 875, we had before us a comparable situation and, in reversing the conviction, said:

"Appellant filed an application for a suspended sentence and testified as a witness in his own behalf. His reputation was therefore put in issue. Under well-established rules of evidence the state was entitled to show that his general reputation as a peaceable and law-abiding citizen was bad, and also to prove recent convictions for felony offenses or offenses involving moral turpitude, if such proof was available.

"But collateral acts of misconduct not resulting in charges filed (and under the present statute, Art. 732a, Vernon's Ann C.C.P., in conviction), or convictions for misdemeanors not in-

volving moral turpitude are not generally admissible. Pena v. State, 246 S.W. 2d 478; Mitchell v. State, 239 S.W. 2d 384; Clements v. State, 169 S.W. 2d 190.

"The state offered no proof of the bad general reputation of appellant. But on his cross-examination, appellant having admitted that he had the knife in his pocket, the state was permitted to show that after he had had 'previous knifing trouble' the sheriff ordered appellant not to carry a knife and he promised he would not."

See also Davis v. State, 168 Texas Cr. Rep. 138, 268 S.W. 2d 152; Rodriguez v. State, 160 Texas Cr. Rep. 453, 272 S.W. 2d 366; and Parrish v. State, 163 Texas Cr. Rep. 252, 290 S.W. 2d 245.

For the error pointed out, the judgment is reversed and the cause remanded.