JAMES J. MCGEE V. STATE

No. 34,276.    February 14, 1962
Motion for Rehearing Overruled March 28, 1962

*Putman & Putman,* by *Hal J. Putman,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Edward E. DeWees,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

The State's evidence shows that appellant was stopped and arrested around 2 A.M. by Officer Don Garrison after he had clocked appellant driving his automobile at a speed of 80 miles per hour on the Pan American Expressway in the city of San Antonio. Officer Garrison testified that after he stopped appellant, he could smell a strong odor of alcohol on his breath; that his speech was slightly confused; that his walk was "swaying" and expressed his opinion that appellant was intoxicated. He further stated that after appellant had consented to take a drunkometer test he took appellant to the police station where the test was administered to him by Detective Norman Jarke. Officer William Donald Howe corroborated Officer Garrison in his description of appellant's actions and appearance at the scene and expressed his opinion that appellant was intoxicated. It was stipulated that if Officer Jarke were called as a witness, he would testify that he gave appellant the drunkometer test in the usual and customary manner and that as a result of the test there were 280 cubic centimeters of water displaced. Officer Jarke was later called as a witness by the State and described in detail the drunkometer test which he administered to appellant. Officer Harold Fisk, assigned to the police laboratory, testified that a drunkometer test which resulted in the displacement of 280 cubic centimeters of water indicated that the blood alcohol content of the person who took the test was .19% and that such percentage was indicative that the person was under the influence of alcohol.

As a witness in his own behalf, appellant testified that he was employed at a brewery and on the day and night in question had worked from 4 P.M. until 1:30 A.M. Appellant admitted that he had consumed six or seven glasses of beer under company rules before getting off work but denied that he was intoxicated. Appellant called several employees of the brewery who observed him at work on the night in question and who expressed their opinion that at such time he was sober.

The jury resolved the disputed issue of intoxication against

the appellant and we find the evidence sufficient to sustain their verdict.

Appellant insists that the court erred in admitting the evidence showing the results of the drunkometer test because his consent to take the test was rendered involuntary by reason of certain promises made to him by the arresting officer. Appellant's contention is based upon the fact that Officer Garrison, in addition to telling appellant that if he took the test and it showed he was intoxicated, it would be used against him, also told him that if it showed that he was not intoxicated, he would be released. We find nothing in the officer's statement to appellant that if he passed the test he would be released to render his consent to take the test involuntary. Appellant did not pass the test and there is no showing of bad faith on the part of the officer. We further observe as we did in Davis v. State, 165 Texas Cr. Rep. 622, 310 S.W. 2d 73, that when appellant testified in his own behalf he made no claim that he was motivated by or relied upon the officer's statement in agreeing to take the test. In admitting the evidence the court did not err.

Appellant next insists that the court erred in permitting Officer Fisk to testify as to the results of the drunkometer test over appellant's objection that he was not shown to be qualified as an expert. Officer Fisk testified that he had had over two years of chemistry at St. Mary's University, had attended a short course at Northwestern University studying operation of the Harger Drunkometer and had supervision of the operators of the machine at the San Antonio Police Department. The officer's education and training was similar to that of Lt. Joe Morales of the San Antonio Police Department which we held sufficient in Fluitt v. State, 169 Texas Cr. Rep. 259, 333 S.W. 2d 144, to show that he was qualified as an expert in the operation and translation of readings of the Harger Drunkometer Breath Test Machine.

Appellant next insists that the court erred in permitting the State to call Officer Jarke to testify after it had been stipulated before the jury as to what his testimony would be. The record reflects that when the stipulation was made, Officer Jarke was absent from the court because of his duties in civil defense activities during the Storm Carla on the Texas Coast. It was not until after appellant had later objected to the introduction in evidence of a photograph of a drunkometer machine that the officer was called to the stand to identify the photograph. His testimony before the jury was not contrary to that which it had been stipulated his testimony would be. Although the State

and appellant had stipulated what the officer's testimony would be, we find no error in the court's action in later permitting the officer to testify.

We find no merit in appellant's contention that the court erred in permitting the State to introduce in evidence a photograph of a Harger Drunkometer Machine over the objection that it was not shown to be a true picture of the machine used at the time appellant was given the breath test. Officer Jarke testified that the photograph was a fair and accurate representation of a Harger Drunkometer and identical to the one used in the police department.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.