**Bernard ROBERTSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43372.**

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Rehearing Denied Feb. 24, 1971.

Melvyn Carson Bruder, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, twenty (20) years.

■ Appellant's first ground of error is that the court erred in permitting the injured party to unnecessarily bolster his testimony. He was asked if he saw the appellant in the courtroom and he replied that he did. He was then asked to leave the witness chair and stand in front of the appellant. At this juncture, the counsel objected stating, "He has pointed out the man. What does he want, does he want him to breathe in his face or something?" The objection was overruled and the appellant was again identified. The appellant cites Newton v. State, 147 Tex.Cr.R. 400, 180 S.W.2d 946 and Baldwin v. State, 82 Tex.Cr.R. 243, 199 S.W. 468. We have examined the same and conclude that they are readily distinguishable. Appellant's first ground of error is overruled.

■ His second ground of error is that the injured party's testimony was tainted by virtue of the fact that he was shown a picture of the appellant on the day of the trial. Appellant made no objection to the identification testimony of this witness, made no request for a hearing on the issue, and did not attempt to show that the witness's in-court identification was prejudiced by viewing the photograph. Therefore, nothing is presented for review. We have recently in Bowman v. State, 446 S. W.2d 320, 323 discussed the question of identification by photographs.

■ His third ground of error is that the trial court erred in permitting Officer

**20**

Hunter to testify as to fingerprint comparison because he was not shown to be properly qualified as an expert. Hunter testified that he had been with the police force for 19½ years. He stated that in recent years he had worked under the supervision of Lieutenant Day, that he had during this period of time compared from one to two thousand prints a month and that it had been more than a year since Lieutenant Day had caught him in a mistake. He further testified that Sergeant Gonzales assisted him in making the comparison. We have concluded that he was sufficiently shown to be qualified. Moses, Scientific Proof in Criminal Cases, § 1.06 at 13 (1969).

 His last ground of error relates to the questioning of a doctor who had treated the appellant. The appellant had testified that he had been shot on the night in question as he was walking through a field by an unknown assailant. The doctor who treated the appellant was testifying as to the extent of his injuries. He was questioned as follows:

"Q. * * * Doctor, you have testified that in your opinion this was a result of a gunshot wound because of the type of wound and that you saw some metallic object. Could this gunshot wound have occurred in your opinion as a result of knocking the butt of a gun against a window and it fire?

"A. I don't think so.

"Q. I will ask you if it is compatible with the proposition it is possible that this man here was dividing up some money and he got shot by the person he was dividing it up with?

Appellant's counsel promptly objected and the court said, "Go ahead." He was then questioned:

"Q. Could he have been shot this way?

"A. Yes."

A hypothetical question must be based upon the facts of the case, a legitimate theory of the prosecution or of the defense. Burt v. State, 38 Tex.Cr.R. 397, 40 S.W. 1000; 38 Tex.Cr.R. 397, 43 S.W. 344. There was no evidence that the appellant had been shot as the question implied and this was highly improper but in view of the fact that the appellant did not develop its impropriety by showing that the prosecutor had actually asked the question in bad faith, the appellant has failed to preserve his error. The method for making such a showing is set forth in our opinions in Garcia v. State, 167 Tex.Cr.R. 211, 319 S.W.2d 727 and Davis v. State, 160 Tex. Cr.R. 138, 268 S.W.2d 152.

Finding no reversible error, the judgment is affirmed.