NOS. 07-08-0396-CR, 07-08-0397-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2009
_____

SHANE SEPEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 18,832-A, 19,028-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Shane Sepeda, was convicted of felony assault on a family member and credit card abuse. Appellant initially accepted a plea bargain for the referenced offenses and, pursuant to the agreement, was given deferred adjudication and placed on community supervision for four years. The State filed a motion to adjudicate both offenses. Appellant pleaded true to one of the allegations contained within the State's motion to adjudicate and the State waived two of the other allegations. At the conclusion of the hearing on the State's motion, the trial court found appellant had committed three violations in each case.

The court subsequently sentenced appellant to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) on the felony assault case and two years in a State Jail on the credit card case. Appellant appeals, via one issue, contending that the trial court committed reversible error by permitting the State's fingerprint expert to testify when the witness was not qualified as an expert. We disagree with appellant and affirm the trial court's judgment.

## Factual Background[1]

During appellant's hearing on the State's motion to adjudicate guilt,[2] the State called Bobbie Ledbetter, an investigator with the Randall County District Attorney's Office, to testify about appellant's prior criminal record. Ledbetter had obtained a set of rolled fingerprints from appellant and was prepared to testify about the comparison of those prints to fingerprints attached to judgments in other criminal cases. Prior to testifying about her comparison, Ledbetter testified concerning her qualifications to examine fingerprints as follows:

Q: How are you employed?
A: I am a criminal investigator for the District Attorney of Randall County.

Q: And prior to coming to work for the District Attorney's Office, did you also work in the Randall County Sheriff's Office?

---

[1] Appellant does not contest the sufficiency of the evidence, therefore, only the factual background as is necessary to address appellant's issue will be included.

[2] By agreement of the parties, the trial court heard the evidence on whether to proceed to adjudication and on punishment in one hearing.

2

A: Yes, I did.

Q: And during your tenure there, were you trained to be a fingerprint expert?

A: Yes, I was.

Q: If you could just briefly state your credentials that qualify you to be a fingerprint expert.

A: I spent seven years with the Crime Scene Unit of the Randall County Sheriff's Department, required extensive on-the-job training, as well as training under renowned fingerprint expert Pat Wertheim in a 40-hour advanced ridgeology class, as well as on the job training from Sergeant Bruce Evans and FBI fingerprint expert, Allen Claude Stevens.

Q: Okay. And have you testified before in the courts of Randall County as a fingerprint expert?

A: Yes, I have.

Q: And, in fact, have you testified in this court on numerous occasions as an expert?

A: Yes, I have.

Thereafter, Ledbetter testified that she had taken a set of rolled prints from appellant on a fingerprint card. Appellant's trial counsel then objected to the testimony of Ledbetter as a fingerprint expert contending that she was not qualified by education, training, or experience to testify as a fingerprint expert. The trial court overruled the objection and later gave appellant a running objection to any testimony regarding Ledbetter's opinion as a fingerprint expert. Appellant contends that the trial court committed error by allowing Ledbetter to express an expert opinion regarding fingerprints.

## Standard of Review

As an appellate court, we review a trial court's decision to admit evidence over an objection under an abuse of discretion standard.  See McCarty v. State, 257 S.W.3d 238, 239 (Tex.Crim.App. 2008).  Further, we will not reverse that decision absent a clear abuse of discretion.  Id.  The trial court abuses its discretion when the decision to admit the evidence lies outside the zone of reasonable disagreement.  Cameron v. State, 241 S.W.3d 15, 19 (Tex.Crim.App. 2007).

## Law

Rule 702 of the Texas Rules of Evidence provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

See TEX. R. EVID. 702.[3]  Rule 702 has two hurdles that any proposed expert must overcome in order to give an expert opinion.  Those are that 1) scientific, technical or other specialized knowledge will aid the trier of fact, and 2) the expert is qualified to testify on the subject.  See Harnett v. State, 38 S.W.3d 650, 658 (Tex.App.–Austin 2000, pet. ref'd).  Appellant is only contesting the second requirement, qualifications of the expert.

---

[3] Further reference to the Texas Rules of Evidence will be by reference to "rule ___" or "Rule ___."

Analysis

The testimony of Ledbetter can be fairly read to state that she had trained for seven years, while working with the Randall County Sheriff's Department, as an expert in fingerprints. This training consisted of extensive on-the-job training under the tutelage of Sergeant Bruce Evans and an FBI fingerprint expert, Allen Claude Stevens. Further, Ledbetter testified that she took an additional 40 hour class in advanced ridgeology and had testified as an expert in the trial court in question on numerous occasions. Against this testimony, appellant lodged a general objection to the qualifications of the witness.

It is the responsibility of the proponent of expert testimony to establish that the proposed witness is indeed qualified. See Matson v. State, 819 S.W.2d 839, 851 (Tex.Crim.App. 1991). The State contends it established Ledbetter's qualifications by the testimony of Ledbetter regarding her training and experience. There is no rigid formula for determining whether or not a witness is qualified to render an expert opinion. Id. at 852 n.10. Further, we only have the general objection of trial counsel to consider, although appellant could have requested to take the witness on voir dire and pointed out specific deficiencies. See Rule 705(b). Our review of the testimony leads us to the conclusion that the trial court did not abuse its discretion when it allowed the witness to give an opinion regarding the fingerprints. Appellant points to a number of cases where the proposed witness had more experience, different training, or other factors for the proposition that this demonstrates Ledbetter is not qualified. See Russeau v. State, 171 S.W.3d 871, 882 (Tex.Crim.App. 2005) (witness had sixteen years experience); Rogers v. State, 463 S.W.2d 18, 20 (Tex.Crim.App. 1965) (witness had attended Institute of Applied Science, had

5

approximately two years practical experience working with identification section). Appellant's basic premise is wrong. These cases do not show that Ledbetter was not qualified, rather, as the Court in each point out, they demonstrate that the witness in that case was qualified. In short, the trial court heard the testimony about qualifications and against a general objection about qualifications overruled the same and allowed the testimony. We agree and overrule appellant's single issue.

Conclusion

Having overruled appellant's issue, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.