NOS. 07-08-0396-CR, 07-08-0397-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2009
______________________________

SHANE SEPEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 18,832-A, 19,028-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Shane Sepeda, was convicted of felony assault on a family member and
credit card abuse. Appellant initially accepted a plea bargain for the referenced offenses
and, pursuant to the agreement, was given deferred adjudication and placed on community
supervision for four years. The State filed a motion to adjudicate both offenses. Appellant
pleaded true to one of the allegations contained within the State’s motion to adjudicate and
the State waived two of the other allegations. At the conclusion of the hearing on the
State’s motion, the trial court found appellant had committed three violations in each case. 
The court subsequently sentenced appellant to ten years confinement in the Institutional
Division of the Texas Department of Criminal Justice (ID-TDCJ) on the felony assault case
and two years in a State Jail on the credit card case. Appellant appeals, via one issue,
contending that the trial court committed reversible error by permitting the State’s
fingerprint expert to testify when the witness was not qualified as an expert. We disagree
with appellant and affirm the trial court’s judgment.
Factual Background



          During appellant’s hearing on the State’s motion to adjudicate guilt,


 the State called
Bobbie Ledbetter, an investigator with the Randall County District Attorney’s Office, to
testify about appellant’s prior criminal record. Ledbetter had obtained a set of rolled
fingerprints from appellant and was prepared to testify about the comparison of those prints
to fingerprints attached to judgments in other criminal cases. Prior to testifying about her
comparison, Ledbetter testified concerning her qualifications to examine fingerprints as
follows:
Q: How are you employed?
A: I am a criminal investigator for the District Attorney of Randall County.
 
Q: And prior to coming to work for the District Attorney’s Office, did you also
work in the Randall County Sheriff’s Office?
A: Yes, I did.
 
Q: And during your tenure there, were you trained to be a fingerprint expert?
A: Yes, I was.
 
Q: If you could just briefly state your credentials that qualify you to be a
fingerprint expert.
A: I spent seven years with the Crime Scene Unit of the Randall County
Sheriff’s Department, required extensive on-the-job training, as well as
training under renowned fingerprint expert Pat Wertheim in a 40-hour
advanced ridgeology class, as well as on the job training from Sergeant
Bruce Evans and FBI fingerprint expert, Allen Claude Stevens. 
 
Q: Okay. And have you testified before in the courts of Randall County as
a fingerprint expert?
A: Yes, I have.
 
Q: And, in fact, have you testified in this court on numerous occasions as an
expert?
A: Yes, I have.
 
Thereafter, Ledbetter testified that she had taken a set of rolled prints from appellant on
a fingerprint card. Appellant’s trial counsel then objected to the testimony of Ledbetter as
a fingerprint expert contending that she was not qualified by education, training, or
experience to testify as a fingerprint expert. The trial court overruled the objection and later
gave appellant a running objection to any testimony regarding Ledbetter’s opinion as a
fingerprint expert. Appellant contends that the trial court committed error by allowing
Ledbetter to express an expert opinion regarding fingerprints. 
 
 
Standard of Review
          As an appellate court, we review a trial court’s decision to admit evidence over an
objection under an abuse of discretion standard. See McCarty v. State, 257 S.W.3d 238, 
239 (Tex.Crim.App. 2008). Further, we will not reverse that decision absent a clear abuse
of discretion. Id. The trial court abuses its discretion when the decision to admit the
evidence lies outside the zone of reasonable disagreement. Cameron v. State, 241
S.W.3d 15, 19 (Tex.Crim.App. 2007).
Law
          Rule 702 of the Texas Rules of Evidence provides that:
If scientific, technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a witness
qualified as an expert by knowledge, skill, experience, training, or education
may testify thereto in the form of an opinion or otherwise.
 
See Tex. R. Evid. 702.


 Rule 702 has two hurdles that any proposed expert must
overcome in order to give an expert opinion. Those are that 1) scientific, technical or other
specialized knowledge will aid the trier of fact, and 2) the expert is qualified to testify on the
subject. See Harnett v. State, 38 S.W.3d 650, 658 (Tex.App.–Austin 2000, pet. ref’d). 
Appellant is only contesting the second requirement, qualifications of the expert. 
 
Analysis
          The testimony of Ledbetter can be fairly read to state that she had trained for seven
years, while working with the Randall County Sheriff’s Department, as an expert in
fingerprints. This training consisted of extensive on-the-job training under the tutelage of
Sergeant Bruce Evans and an FBI fingerprint expert, Allen Claude Stevens. Further,
Ledbetter testified that she took an additional 40 hour class in advanced ridgeology and
had testified as an expert in the trial court in question on numerous occasions. Against this
testimony, appellant lodged a general objection to the qualifications of the witness. 
          It is the responsibility of the proponent of expert testimony to establish that the
proposed witness is indeed qualified. See Matson v. State, 819 S.W.2d 839, 851
(Tex.Crim.App. 1991). The State contends it established Ledbetter’s qualifications by the
testimony of Ledbetter regarding her training and experience. There is no rigid formula for
determining whether or not a witness is qualified to render an expert opinion. Id. at 852
n.10. Further, we only have the general objection of trial counsel to consider, although
appellant could have requested to take the witness on voir dire and pointed out specific
deficiencies. See Rule 705(b). Our review of the testimony leads us to the conclusion that
the trial court did not abuse its discretion when it allowed the witness to give an opinion
regarding the fingerprints. Appellant points to a number of cases where the proposed
witness had more experience, different training, or other factors for the proposition that this
demonstrates Ledbetter is not qualified. See Russeau v. State, 171 S.W.3d 871, 882
(Tex.Crim.App. 2005) (witness had sixteen years experience); Rogers v. State, 463 S.W.2d
18, 20 (Tex.Crim.App. 1965) (witness had attended Institute of Applied Science, had
approximately two years practical experience working with identification section). 
Appellant’s basic premise is wrong. These cases do not show that Ledbetter was not
qualified, rather, as the Court in each point out, they demonstrate that the witness in that
case was qualified. In short, the trial court heard the testimony about qualifications and
against a general objection about qualifications overruled the same and allowed the
testimony. We agree and overrule appellant’s single issue.
Conclusion
          Having overruled appellant’s issue, we affirm the trial court’s judgment. 
 
                                                                           Mackey K. Hancock

                                                                                       Justice







Do not publish.