MORRIS WARRICK v. THE STATE.

No. 14778.   Delivered January 27, 1932.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of turkeys; the punishment, confinement in the penitentiary for one year.

H. T. Kelly testified that he lost three turkeys on the 23rd of February, 1931.   A produce man in Abilene, Texas, testified that he bought some turkeys from appellant and some other negro boys on the morning of February 24, 1931.   These turkeys were delivered by this witness to the sheriff of Coleman county and carried to the jail yard in Coleman. Mr. Kelly went to the jail and identified the turkeys as being his property.   Appellant testified that he bought the turkeys from a Mexican on February 24, 1931, on the Coleman-Abilene highway.   Appellant and his witnesses testified that appellant was at home on the night the turkeys were taken from Mr. Kelly's place, and that he could not have been at the scene of the theft.

Bill of exception No. A complains of the action of the court in overruling appellant's first application for a continuance.   In view of the fact that the case must be reversed because of the error herinafter mentioned, we pretermit a discussion of this bill of exception.

Appellant testified on direct examination by his counsel that he was eighteen years of age.   On cross-examination by the district attorney, over proper objection, appellant was required to testify that in procuring a

marriage license he had stated to the clerk that he was twenty-one years of age, but that he had not made affidavit to this fact. After appellant had so testified, the district attorney placed the county clerk on the witness stand and elicited from him the fact that appellant had made affidavit when he secured his marriage license that he was twenty-one years of age. Appellant objected to all of this testimony on the ground that it was attempting to impeach him upon a collateral and immaterial matter. Appellant was not contending that he was under seventeen years of age and therefore within the juvenile limits. Whether appellant was eighteen years of age or twenty-one years of age seems to have been immaterial as far as this prosecution was concerned. "The impeachment of the accused on an immaterial matter is not harmless error." Branch's Annotated Penal Code, sec. 165; Ballard v. State, 71 Texas Crim. Rep., 587, 160 S. W., 718. The discrediting appellant's testimony as to his age and showing the jury that on an immaterial matter he had testified falsely was calculated to make the jury believe that appellant had testified falsely in regard to other matters in the case which were material. Ballard v. State, supra. Appellant alone testified that he purchased the turkeys in question from a Mexican on the road from Coleman to Abilene. This court cannot say that the erroneous impeachment of appellant did not impel the jury to reject his explanation of the possession of the turkeys.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.