ARTHUR EDWARDS, ALIAS FUD EDWARDS, V. THE STATE.

No. 17050.   Delivered December 12, 1934.
Reported in 77 S. W. (2d) 241.

The opinion states the case.

*Critz & Woodward,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of property over the value of $50, and

his punishment assessed at confinement in the State penitentiary for a term of two years.

The record in this case discloses that a few days prior to the 12th day of January, A. D. 1933, the appellant, his brother, and Ross Davis were seen in a truck near Voss and Valera on their way to Corpus Christi. When they reached a point below San Antonio, the appellant got out at a tourist camp while his brother and Davis proceeded on their journey to Corpus Christi. After reaching Corpus Christi they remained there about an hour and then started on their return trip by way of Pawnee where the father of the Edwards boys lived. From Pawnee, Davis went to the tourist camp where they had left the appellant, picked him up, and then the two went to Coleman, from Coleman they went to Abilene, and then came back to Talpa in Coleman County, where they drove into a cotton yard, loaded six or seven bales of cotton on their truck, and then came on to Voss where they loaded several more bales of cotton at a cotton gin. When they started out of the gin yard they ran up against a stump, broke the bolster of the truck, and had to unload the cotton. They then drove over to Doole in McCulloch County where they had the truck repaired. The truck which they were using at the time belonged to the father of the appellant. On the afternoon of January 13, following the night the cotton was taken, the appellant and Davis were seen by Jack Crosslin at a place about 10 miles from Voss driving a Chevrolet truck. Crosslin informed them that some cotton had been taken from the cotton yard at Talpa which was found in the gin yard at Voss and that they, appellant and Davis, were suspected; that if they had anything to do with it they better move on. They then drove north at a speed of about 35 miles per hour. The appellant testified in his own behalf that he went with Ross Davis to the cotton yard at Talpa where they loaded six or seven bales of cotton and from there they went to the gin at Voss where they loaded some five or six more bales of cotton; that at the time they were loading the cotton he did not know that Ross Davis did not have the right to take the cotton; that Davis had been trucking cotton from Coleman to Corpus Christi, and he, appellant, thought that Davis was hauling the cotton for someone who owned it; that Ross Davis had been hauling cotton since 1932 for appellant's father who was engaged in buying cotton up there. This cotton was loaded at Talpa about 11:30 in the night time. The proof further showed that the average weight per bale of said cotton was about 500 pounds and that cotton at that time was worth more than five cents a pound.

The appellant filed a plea for a suspended sentence and in support of said plea proved that he had never been convicted of a felony in the State of Texas or any other state.

The appellant first complains of the action of the trial court in declining to submit several of his requested special charges. We do not believe that the court committed any error in this respect inasmuch as the court's charge, together with such requested special charges of the appellant as were submitted to the jury, adequately presented all the issues raised by the testimony.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the district attorney, while cross-examining the father of the appellant, to ask him the following question: "Has he not been accused of the stealing of some cotton and have not the officers been checking him up about some cotton found and there about the compress?", to which the witness replied, "Well, they do that all the time." We are of the opinion that the appellant's contention should be sustained. The appellant had not theretofore been charged by indictment or information with theft. It is true that the appellant placed in issue his general reputation as being a law abiding citizen, but this did not authorize the State to prove particular acts or particular conduct on the part of the appellant, or that the witness knew of specific acts of misconduct on the part of the accused. If the district attorney desired to combat appellant's proof of good reputation, he should have confined himself to his general reputation and not to specific acts of misconduct. In support of the views herein expressed we refer to the following authorities: Adaire v. State, 45 S. W. (2d) 984, and authorities there referred to.

The appellant by bill of exception also complains of the following language employed by the district attorney in his closing argument to the jury, to-wit: "Gentlemen of the jury, there is a ring of cotton thieves who have been operating in this county including the defendant, his brother, Charles Edwards, Jr., and his father, Charles Edwards, Sr.," to which argument the appellant objected because there was no basis in the testimony for such argument and that it was prejudicial to the appellant. Thereupon the district attorney said, "Well, Gentlemen of the jury, I say that the record shows that there is a ring of cotton thieves who have been operating in this county including the defendant, his brother, Charles, and his father, Charles Edwards, Sr., and we want to break up this ring." Appellant again objected and requested the court to instruct the jury not to con-

sider the same, which request was refused. The record before us fails to show that there was a ring of cotton thieves who were operating in Coleman County including the defendant, his brother and his father, and without any testimony which would justify such argument, it was error on the part of the court in failing to sustain the appellant's objection and refusing his requested instruction to the jury. It has been held time and again by this court that an attorney is not warranted in asserting a fact not in evidence which is prejudicial to defendant. If the attorney has knowledge of any material fact which would be admissible under the rules of evidence, he should ask to be sworn and required to testify under oath and submit himself to cross-examination. That the argument of the district attorney was prejudicial to the appellant is obvious in that it was an attempt to impeach the brother and father of the appellant who had testified in behalf of the appellant by attacking their character, when under the circumstances they had no opportunity to refute the imputation. See Fuller v. State, 30 Texas App., 559; Allen v. State, 20 S. W. (2d) 781; Marshall v. State, 175 S. W., 154.

For the errors herinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.