MACK SHIPLEY V. THE STATE.

No. 18682. Delivered January 13, 1937.

The opinion states the case.

*Upton & Upton* and *Travis E. Baker,* all of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder without malice, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The testimony, briefly stated, shows that appellant and J. Willingham met at a dance, where some uncomplimentary remarks were passed between them and appellant struck Willingham with his fist. Willingham then ran towards his car. Appellant also went to his car and took therefrom a pistol. When Willingham started his car, appellant, either intentionally or by accident, fired his pistol, the bullet passing through the back end of Willingham's car, killing Willingham's child which was on the rear seat.

Appellant in due time filed an application for suspension of sentence in the event of conviction. At the close of the State's testimony he stated to the court in the absence of the jury that he desired to offer testimony as to his good reputation as a peaceable and law abiding citizen; that in the year 1925 he had killed a man for which he was indicted, tried, and acquitted; that since said time and prior thereto he had borne a good reputation as a law abiding citizen and requested the court to

instruct the district attorney not to ask him or any of his witnesses any question pertaining to said matter because the same was too remote, and for the further reason that it would permit the State to go into isolated transactions and would have a tendency to prejudice the minds of the jury against him. The court instructed the district attorney to refrain from asking the appellant any question pertaining to said killing, indictment, or trial, but declined to instruct him not to make such inquiry of appellant's character witnesses—to which appellant excepted. After E. C. King had testified to appellant's good reputation as a law abiding citizen, the district attorney on cross-examination asked him if he was acquainted with defendant's general reputation since 1907—to which the witness replied in the affirmative. He then asked him, "Do you know anything about the killing of a man by defendant in Floyd County?"—to which the witness replied, "Yes." Appellant objected for the same reasons that he had requested the court to instruct the district attorney to refrain from making any inquiry about the matter, which objection was overruled and defendant again excepted. The court, however, in connection with his main charge at the request of appellant instructed the jury that the question asked by the district attorney of the witness King and the answer of the witness thereto was withdrawn from the jury, and that they should not allude to, consider, mention, or discuss said question and answer for any purpose as evidence in the case. Appellant insists, however, that notwithstanding such instruction from the court that the prejudicial effect thereof could not be withdrawn from the jury. We are inclined to agree with him. Evidence of good or bad character is confined to general reputation and cannot be shown by any particular or isolated act good or bad. Ordinarily a witness who testifies to the good or bad character needs to show himself qualified to give testimony on the subject by showing that he heard expressions from people in the community as to the consensus of opinion regarding the matter. This question has been before this court on several occasions. In the case of Goss v. State, 104 Texas Crim. Rep., 456, this court said:

"We think the court was in error in admitting this testimony involving specific acts and conduct of the appellant known by said witness for the purpose of attempting to rebut the testimony in chief of this witness on the general reputation of appellant for good character, and that said cross-examination should have been confined, not to specific acts and conduct

known to said witness, but to what he had heard stated, if anything, about said specific acts. General reputation is confined solely to what people generally think and state about it, and it is not permitted, on an examination of the witness in chief, to show specific acts in order to show good or bad reputation, neither do we think it is permissible, on cross-examination, to show by the witness what he knows individually about specific or particular acts or conduct of the accused."

See, also, Prater v. State, 104 Texas Crim. Rep., 669, 284 S. W., 965. However, for the purpose of testing the witness' knowledge on the matter he might be asked as to any reports or rumors that may have reached his ears of specific facts and particular instances of conduct inconsistent with the character attributed, but the facts and conduct themselves are not allowed to be proved. Neither can the truth or falsity of the reports, charges, or rumors referred to be established. In other words, character cannot be shown by proof of specific facts and specific acts on cross-examination any more than it can on examination in chief.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.