BURL SIMONS v. THE STATE.

No. 20610. Delivered November 22, 1939.
Rehearing Denied (Without Written Opinion) May 1, 1940.

The opinion states the case.

*Carney & Carney* and *Tom J. Mays,* all of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The offense is murder; penalty assessed at confinement in the penitentiary for four years.

The appellant was convicted of the murder of Roy Young on August 24, 1938. On the occasion of the homicide, the mother of the appellant, an aged colored woman, was being given a dining on her birthday which was largely attended by guests who testified, some for the State and some for the appellant, that they had been invited and urged to attend the occasion and were friends of the family. The deceased had a great many relatives there who uniformly testified for the State on the trial of the case, and there is no difference of opinion among them as to what happened. From this testimony the jury might have found appellant guilty of murder with malice. However, there was a different school of thought which appeared in behalf of the appellant and his witnesses were unanimous in testifying as to the occurrence preceding and at the time of the encounter which resulted in the death

of Roy Young. There is no difficulty in understanding the State's theory of the case, and likewise, the appellant's theory is stated and repeated with such emphasis as to make it perfectly clear that he relied upon self-defense for an acquittal. The issues of fact are clearly stated. Appellant said that it was an accident; that he did not intend to take the life of his antagonist. The jury took the view of that school of witnesses testifying for the State and found the appellant guilty of murder. They likewise declined his plea for a suspended sentence and decreed that he should serve the time in the penitentiary. No discussion of the testimony at this time is necessary to an understanding of the issues before the court.

Eighteen bills of exception bring the complaints of the appellant before this court for consideration. They have been skillfully and carefully prepared and ably argued. We have considered each of them and believe that the main charge, together with the special requested charges which the court gave, properly submitted the appellant's case to the jury and, consequently, we overrule all of those bills of exception which relate to the court's charge.

We agree with the contention of the appellant that he was entitled to have his defense affirmatively submitted to the consideration of the jury, but we think that this was done by the court in his main charge and in the special requested charges which were given at his request.

Appellant presented his request for a suspended sentence in due form and at the proper time, and placed before the jury witnesses who testified as to his good reputation. Appellant himself testified that he had never been convicted of a felony in this or in any other state; that he was born and reared and had always lived in the town of Bloomburg in Cass County, together with the other essential things upon which the jury might have granted his request for a suspended sentence.

The court permitted the character witnesses for the appellant to be examined by the District Attorney as to specific acts of conduct with the evident purpose and intention of refuting the proof of appellant's good reputation. These matters are not brought forward in such a way that we can consider them, but by Bill of Exception No. 18, the appellant properly complains of the following questions being asked and the appellant required to answer them:

"Q. Is it not a fact that you drew an axe on a person by the name of Mothershed?

"Q. Is it not a fact that you stole some syrup from a white man?

"Q. Is it not a fact that you paid a fine in Bloomburg for some trouble with your sister?

"Q. Is it not a fact that you stole some clothes from a white person in Bloomburg?"

We think the questions asked the character witnesses were more damaging than the ones complained of in the bill as having been asked the appellant. He had an opportunity to deny before the jury the truthfulness of the charges made in the questions while some of the witnesses were not in a position to do that. But no bills bring such errors to us for consideration. It is our conclusion that the asking of these questions constitute error requiring that the cause be reversed.

Upon good reasoning it has been held that when a defendant places in issue his reputation it does not bring before the jury any other matter for consideration, and that the State can present only those things which deny the reputation. The fact of some particular charge, or conviction of a misdemeanor, will not be proper for the purpose of refuting testimony as to reputation. The appellant is not required to bring forward every act and conduct of his life to be tried before the jury. It is sufficient, and he has met the requirements of the law, if he presents his reputation. This cannot be refuted by a charge as to any one or more specific things. The Legislature has evidently taken care of that when it requires him to prove that he has not been convicted of a felony in this or in any other state. If it had intended that he should prove that he had never been *charged* with, and was not in fact guilty of, any unlawful act, misdemeanor or felony, the Legislature would have said so. That has been the construction given by this court consistently and to it we adhere. See Prater v. State, 284 S. W. 965; Brown v. State, 87 S. W. (2d) 720; Edwards v. State, 77 S. W. (2d) 241; Shipley v. State, 100 S. W. (2d) 704.

For the error of the court in permitting the questions quoted to be asked, the cause is reversed and remanded for a new trial.