GERALD RAY WHARTON V. STATE.

No. 25,826. May 14, 1952.

Hon. Langston G. King, Judge Presiding.

*John Cutler*, and *T. M. Britton, Jr.*, Houston, and C. S. *Farmer*, (on appeal only) Waco, for appellant.

*Sam W. Davis*, Criminal District Attorney, *King C. Haynie*, Assistant Criminal District Attorney, and *George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for rape with a sentence of twenty years in the penitentiary.

Strong argument is made for reversal of this case on the ground of insufficiency of the evidence. Appellant testified in his own behalf and admitted some of the surrounding circumstances testified to by the prosecuting witness, including the fact of his visit to the home and the act of sexual intercourse. He contends, however, that it took place after her apparent consent and without any resistance on her part. He denied making any threats or using any force whatever.

The evidence of the prosecuting witness in this respect is not very impressive. She admitted that he used no physical force, that her clothing were not torn, and that the chief threat was that he might hurt her. She said he put his hand over her mouth and kept her from hollering and held her down; that he told her she should remember her children, which she apparently interpreted as a threat to injure either her or the children. However, we are not in position to say that the evidence was insufficient to support a jury's verdict when presented to them under legal procedure.

Appellant produced a number of character witnesses who testified as to his good reputation. On cross-examination the district attorney, over appellant's objection, was permitted to ask each witness questions which form the basis of complaint in several bills. These will be discussed as one. Travis Hughes, testifying as a character witness, was asked on cross-examination:

"You say you do know he is under indictment now?" Objection was sustained to this question and the jury was instructed not to consider it.

Earl Callahan, a character witness, was asked on cross-examination: "Have you heard that he is under another indictment for rape in a separate case on a separate woman *that occurred eight days after this one?*" (Emphasis added.) Objection to this question was overruled.

To Eddie Smith a similar question was directed with the explanation "* * * that happened eight days after this one he is being tried for."

To the witness Moody Levy, a similar question was asked with the statement "* * * that happened eight days after this one he is being tried for." While Mrs. Bonnie Smith, a character witness, was testifying a similar question was asked with the identifying statement: "* * * that happened eight days after this one he is being tried for." Objection to each of these was overruled and the witness answered, in one case, that he had read about it in the paper; in another, that she had not heard all the details.

The question involved in these bills has been before the court from the beginning of its history. It appears still, from the way the question is handled occasionally, that a great many attorneys, both for the prosecution and defense, have never understood the approved method of examining a character witness as to his qualifications to testify in such matters. Sometimes there seems to be an utter lack of understanding of the difference between "character" and "reputation" which leads to a misunderstanding as to the things that are admissible. The privilege of cross-examining a character witness should not be utilized as a vehicle to prove that the defendant is a criminal generally, or that he has been guilty of committing another offense. The harm in doing so is particularly forceful in the instant case because of the proximity of the acts and the identity of the offenses.

A well considered case is McNaulty v. State, 138 Tex. Cr. R. 317, 135 S.W. 2d 987. The attorneys brought to the court the question in such way as to call for a thorough discussion and each presented a very helpful brief. We quote from that opinion, at pages 988 and 989. "Furthermore, a question is

objectionable independent of the answer when a proper construction of such question results in a charge that a specific offense has been committed. The objection to the question in this case was that *it implied the commission of an offense.* In fact, it asserts that an aggravated assault had been committed on another party by the appellant on the 18th day of June. The question as given is nothing else than a direct charge that such a thing had been done. * * * Some may be harmless and some may be made harmless by a negative answer, but *whenever the question is so stated that it amounts to an assertion of a fact* under the conditions here under discussion *and it implies the commission of another offense,* it may be said that its harmfulness cannot be cured by the answer and seldom by any instruction which the court is able to give the jury." (Emphasis added.)

Can we make it any clearer by saying that when the question is so framed as to assert a fact as the basis for the question it is generally inadmissible, and frequently the error cannot be cured by the court's instruction to not consider the question. To make this holding more impressive we may say that reliance should not be had upon the court's instruction to cure an error which should not have been made in the first place. The question asked the witness in each case implies the existence of a fact, i.e. a charge was filed against defendant for rape of another woman eight days after the one for which he was being tried. If such interpretation of the question be not correct, the question should not have been asked at all.

The McNaulty case was written after a consideration of the holdings of this court in many opinions, from the beginning of the court's history. It pronounces in a positive way the court's conclusion as to the law long in existence and we do not now deem it necessary to recount these decisions. Admittedly the distinctions made are difficult and there could be no surprise that the question recurs with frequency. This calls for a more careful procedure in matters wherein neither the trial court nor this court can prevent nor cure errors. See also Mounts v. State, 148 Tex. Cr. R. 117, 185 S.W. 2d 731.

For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.