ARTHUR GREEN V. STATE.

No. 25,902. June 25, 1952.
Rehearing Denied October 15, 1952.

Hon. Louis B. Reed, Judge Presiding.

*N. C. Outlaw,* Post, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The conviction is for murder without malice; the punishment, five years in the penitentiary.

The former appeal of this case will be found reported in 156 Tex. Cr. Rep. 22, 238 S. W. 2d 775.

In view of the questions presented for review, it is deemed sufficient to say that the killing occurred as the result of and in the course of an argument resulting in appellant inflicting a stab wound under the left arm of deceased with a knife not shown to be a deadly weapon per se.

The defensive theory was self-defense and accident.

Appellant placed in issue his reputation for being a peaceable and law-abiding citizen, and supported same by the proof.

Complaint is made of the action of the trial court in refusing to charge the jury, in connection with such testimony, that "such evidence is to be considered by you as any other evidence in determining whether or not guilt of the defendant has been established beyond a reasonable doubt." In other words, appellant requested that the jury be instructed that testimony as to his good reputation was to be considered in determining his guilt or innocence.

Obviously, such is not the law. Reputation is based upon hearsay, and does not establish any fact. Specific acts may not be shown on examination of witnesses-in-chief to prove good or bad reputation. Prater v. State, 104 Tex. Cr. R. 669, 284 S. W. 965. The trial court correctly refused to thus charge the jury, as requested.

Appellant complains of the action of the trial court in refusing his special charge submitting the defense of accident, as also the relative strength and size of the parties.

Our examination of the court's main charge shows that the charges as requested were given. If the charges were erroneous, such were invited by the appellant.

As we read the trial court's charge, only murder without malice was submitted, for the jury was expressly restricted to

assessing a punishment of not less than two nor more than five years' confinement in the penitentiary.

We are unable to agree, therefore, with the appellant that murder with malice was submitted to the jury. To the contrary, if such was submitted, appellant was not injured thereby or his punishment assessed for that offense.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing, ably presented by oral argument, insists that the evidence in the case does not support a finding of intent to commit the murder.

We said in Ammann v. State, 145 Tex. Cr. R. 34, 165 S.W. 2d 744: "Such intent may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances."

In view of the evidence of the doctor, who testified as to the location of the wound under the pit of the arm, in the vicinity of the heart, and the extent of the wound thus inflicted and the likelihood of it causing death within ten minutes if bleeding was not stopped, we think the question of intent was raised and that the jury is supported in its finding.

Other matters discussed in the motion need not be treated further. Appellant's motion for rehearing is overruled.