ARMANDO RAMIREZ V. STATE.

No. 26,608. December 9, 1953.
State's Motion for Rehearing Denied (Without Written Opinion)
February 10, 1954.

*Peden & Stevens,* and *Charles F. Tucker,* by *O'Brien Stevens,* Houston, for appellant.

*William H. Scott,* District Attorney, *Dan Walton,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The indictment charged that appellant did, by force and violence and by threats of force and violence, attempt to prevent Mary Garza from engaging in a lawful vocation. A trial before a jury on April 16, 1953, resulted in a verdict of guilty, with punishment assessed at one year in the penitentiary.

There was a sharp conflict between the testimony of the state's witnesses and that of the appellant as to what occurred on May 12, 1951, on the occasion of appellant's visit to the Garza home, appellant denying that he made the threats attributed to him by Mary Garza on that occasion.

Appellant was not present when Mary Garza was assaulted by two fellow employes on the following morning as she was going to work, and his guilt is made to depend upon the threats of violence attributed to him.

Under these circumstances, after appellant had so testified, the following occurred on his cross-examination:

"Q. You have taken an oath to God here . . .
"MR. STEVENS: Your honor, I think that is intimidating the witness, and I think it is improper.
"COURT: I think both of you have offended. Go ahead.
"Q. Do you belong to any organization that does not believe in God?
"MR. STEVENS: Your honor, we object and except.
"COURT: Overruled.
"A. I do not belong to any organization that does not believe in God.
"Q. Did you ever belong to any organization that does not believe in God?
"MR. STEVENS: Your honor, I object and except to that, as it is highly inflammable and prejudicial to the minds of the Jury.
"COURT: Objection overruled.
"MR. STEVENS: We except to it.
"Q. Have you ever belong—to such an organization?
"A. No sir, not to be knowledge."

The state then offered a letter written by the appellant "pertaining to the credibility of the witness," and the same was admitted on such grounds.

From the letter in evidence it was evident that the appellant

had belonged to an organization from which the jury might reasonably conclude that he in fact did not believe in a Supreme Being.

Under the state of this record, the evidence disclosed by the letter had no relevancy to the offense for which the appellant was being charged but was admitted solely for the purpose of impeaching the witness.

Section 5 of Article 1 of the Constitution of Texas provides that no person shall be disqualified to give evidence in any of the courts of this state on account of his religious opinions, or for the want of any religious belief.

See also L. & L. & G. Ins. Co. v. Ende, 65 Tex. 118; Brundige v. State, 49 Tex. Cr. Rep. 596, 95 S. W. 527; Thornley v. State, 78 S. W. 2d 601.

We think the testimony should have been excluded. The sole purpose of this proof was to impeach appellant's testimony on the ground of his religious belief, or lack thereof, in the face of the Constitution and Article 715, C. C. P.

The state has made no effort to justify this obvious error.

The judgment is reversed and the cause remanded.