## WAYNE PITCOCK V. STATE.

No. 30,805. June 10, 1959.

*Scarborough, Black & Tarpley,* Abilene, for appellant.

*Nelson Quinn,* Assistant County Attorney, Abilene, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was charged by indictment with the felony offense of driving while intoxicated and after the state had abandoned the felony charge which was predicated upon an alleged prior conviction in Taylor County in 1951, he was convicted of the included misdemeanor offense of driving while intoxicated and his punishment assessed at 6 months in jail and a fine of $150.

It was undisputed that at the time and place alleged the appellant drove his automobile upon a public highway, and the only issue in dispute was that of appellant's intoxication.

Appellant did not testify but called certain witnesses among

whom were five character witnesses who testified that his reputation for being a peaceable and law abiding citizen was good.

Appellant's sole contention is that the court erred in permitting state's counsel, upon cross examination of three of the character witnesses, to propound certain questions which implied the commission of other offenses by appellant.

The record reflects that the witnesses Beck, Rose and Hinninger were asked upon cross examination the following questions:

"(The witness Beck) Q. Mr. Beck, I will ask you if you have heard during your discussions there about this boy's reputation, *about the trouble that he had concerning a DWI conviction in Stephens County in 1953?* Ans. No, I had no knowledge of it. (Emphasis added.)

"(The witness Rose) Q. Have you heard them discuss *the trouble that he was in in 1951 concerning a DWI conviction in Taylor County, Texas? Ans. I don't know.*" (Emphasis added.)

"The witness Hinninger) Q. Have you ever heard during these discussions anything concerning the trouble *that the defendant was in Wayne Pitcock in 1953 concerning a DWI conviction in Stephens County?* Ans. No, Sir." (Emphasis added.)

Appellant objected to the questions on the ground that it was an effort on the part of the state to attack his reputation by proof of specific instances of law violation, and as to the inquiry concerning the 1953 conviction in Stephens County upon the further ground that there was no allegation in the indictment of such a conviction.

The rule regarding cross examination of a character witness is stated in Wiley v. State, 153 Texas Cr. Rep. 370, 220 S.W. 2d 172, as follows:

"Witnesses attesting the good reputation of an accused may, as affecting the weight, credibility, and sincerity of their testimony, be asked upon cross-examination as to whether they had heard of acts of the accused inconsistent with that reputation, * * * Such, however, is as far as the State is permitted to go in such matters, for it is expressly prohibited from conducting the cross-examination or framing the interrogatories so as to show specific acts of misconduct on the part of the accused or that he has, in fact, been guilty of such acts."

In Wharton v. State, 157 Texas Cr. Rep. 326, 248 S.W. 2d 739, this court, in reversing a conviction because of certain questions propounded to character witnesses on cross examination which implied that the accused had committed another offense, quoted from the opinion in McNaulty v. State, 138 Texas Cr. Rep. 317, 135 S.W. 2d 987, in part, as follows:

" 'Furthermore, a question is objectionable independent of the answer when a proper construction of such question results in a charge that a specific offense has been committed. * * * Some may be harmless and some may be made harmless by a negative answer, but *whenever the question is so stated that it amounts to an assertion of a fact,* under the conditions here under discussion *and it implies the commission of another offense,* it may be said that its harmfulness cannot be cured by the answer and seldom by any instruction which the court is able to give the jury.' (Emphasis added.)"

The questions propounded to the witness by state's counsel which referred to the trouble that "he had" and "he was in" clearly implied and asserted as a fact that the appellant had been in previous trouble in Taylor County in 1951 and in Stephens County in 1953 in connection with convictions for driving while intoxicated.

The indictment contained no allegation that appellant had been convicted of driving while intoxicated in Stephens County in 1953 and while it did contain an allegation that he had been convicted of such an offense in Taylor County in 1951, the state wholly failed to identify the appellant as the person so convicted.

The questions should not have been asked and we are unable to hold that their harmful effect was cured by the court's general instruction to the jury in his charge not to consider any evidence or allegation in the indicment relative to any prior conviction of the appellant.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.