## CHARLIE FLOYD LEWELLEN v. STATE

No. 35,025.   November 14, 1962

*Joseph A. Williams,* Haskell, for appellant.

*W. P. Ratliff,* County Attorney, Haskell, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Appellant was convicted in the County Court of Haskell County of the offense of driving a motor vehicle on a public highway while intoxicated, with punishment assessed at a fine of $50 and confinement in jail for three days.

Our able state's attorney has confessed error in this case, with which position we are in accord. The three formal bills of exception filed by appellant all reflect error.

Bill of Exception No. 1 certifies that a witness, A. T. Ballard, who had testified that appellant's reputation as a peaceable and law-abiding citizen was good, was asked by the county attorney if he did not know the appellant had been convicted for being drunk in a public place just a week before he was charged with the offense for which he was on trial; that appellant's counsel objected that the question was improper and not admissible to prove or rebut reputation in that the state was inquiring of the witness concerning specific extraneous offenses allegedly committed by the appellant, in an attempt to impeach the testimony of the witness, by specific law violations; that it was prejudicial and inflammatory; that the trial court overruled the objection.

It is error to ask a witness if he knows of specific acts of misconduct of accused. The state can only ask if he had heard of a specific act of misconduct. Pitcock v. State, 324 S.W. 2d 855; Davis v. State, 160 Texas Cr. Rep. 138, 268 S.W. 2d 152; Wiley v. State, 153 Texas Cr. Rep. 370, 220 S.W. 2d 172; Wharton v. State, 157 Texas Cr. Rep. 326, 248 S.W. 2d 739.

Bill of Exception No. 2, which was approved by the court, certified that after the defense had offered evidence as to appellant being a peaceable and law-abiding citizen, the trial court, over proper objection, permitted V. A. Brown, justice of the peace, to testify that appellant had pleaded guilty on April 1, 1962, to being drunk in a public place and paid a fine for such offense. The objection was that such was a misdemeanor offense introduced to prejudice and inflame the minds of the jury; that such was not admissible to prove or rebut reputation and, in an effort to impeach the testimony of the witness as to the good reputation of the accused, was an attempt to prove a specific extraneous misdemeanor offense committed by the appellant.

The trial court also committed error, as reflected in Bill of Exception No. 3, when he permitted the sheriff, G. T. Garrett, to testify that appellant pleaded guilty in 1957 and 1958 to being drunk in a public place and paid fines for such offenses. These offenses inquired about were misdemeanors not involving moral turpitude and could not be used to inflame the minds of the jury. 45 Texas Jur., p. 106, Sec. 244.

Appellant did not take the stand.

The judgment is reversed and the cause is remanded.