**Stanley Paul CHATTERFIELD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41869.**

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

Rehearing Denied March 26, 1969.

———◆———

Howard B. Law, Dallas, for appellant.

Henry Wade, Dist. Atty., Curtis Glover, Alton J. Alsup, Malcolm Dade, Kerry P. FitzGerald, and Camille Elliott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for assault to rob; the punishment, two years.

The appellant filed an application for probation, pleaded guilty before a jury, the court submitted the issues of punishment and probation to them, and the jury declined to recommend that the sentence be probated.

The testimony of the state reveals that the appellant, age nineteen, and his companion unsuccessfully tried to take a purse from a woman they had stopped while she was walking along a public road. When help appeared, the appellant and his companion fled the scene and went to the home of Patricia Chatmon where they were arrested within about one hour after the commission of the alleged offense.

The record reveals that this case had been previously tried.

The appellant filed a motion at the outset of the trial requesting the court to direct the district attorney not to elicit testimony which had been given at the previous trial pertaining to the appellant while at the home of Patricia Chatmon shortly after the assault, having a telephone conversation with an unknown female, which Patricia heard, and in which the appellant insisted on coming to see the unknown female, who asked him not to come because she was married and her husband might come home. The motion further alleges that the testimony is not material to the offense charged, does not tend to prove any element in the case, and is only offered as an inflammatory and prejudicial fact.

Apparently the court reserved its ruling on appellant's motion in that during the direct examination of the state's witness, Patricia Chatmon, the following occurred:

"Q I see. Now did Stanley Chatterfield (appellant) go to the phone?

"A Well the chair that Stanley Chatterfield was sitting in was right next to the phone—the phone was right beside it and he ask me if he could use the phone and I told him yes.

"Mr. Law: Judge at this time if you want to rule on my motion we may excuse the jury?

"The Court: At this time I will have to sustain the motion.

"Mr. Glover: On what grounds, Judge?

"The Court: Well that is something we are going to have to take up out of the presence of the jury.

"Mr. Law: Do you want to do that at this time?

"The Court: I am going to let you go ahead. I will overrule your objection to it.

"Mr. Law: Note our exception.

"Q Did you say that Stanley Chatterfield talked on the phone?

"A Yes he did.

"Q All right. Did you hear the conversation that he had?

"A Yes I did.

"Q Will you tell the jury what he said?

"A Well Stanley Chatterfield called some young lady and told her that he was coming over and she told him not to

come over because her husband would be coming in.

"Q Could you hear what she was saying?

"A Yes I did.

"Q Were they talking loud?

"A Yes, she was.

"Q What did he say to that?

"A He said for her not to tell him anything—not to give him that stuff about her husband because he was coming over anyway."

On cross-examination by the state, the appellant testified in part as follows:

"Q When you got over to Patricia Chatmon's house you made a telephone call to some married woman now who was that?

"A A girl that I used to go with before she married. I didn't know she had married.

"Q You ask—

"Mr. Law: Now may we make an objection? We made an objection earlier about this hearsay but we will renew our objection. I don't think that this testimony is material to any issue in this case.

"The Court: What is your question, Counselor?

"Mr. Glover: About a telephone conversation there. I really don't recall what my last question was, Judge.

"The Court: Go ahead and ask another one.

"Q You were calling this married woman on the telephone weren't you?

"A Yes.

"Q And you told her—

"Mr. Law: Now this is what we objected to and we would like to renew our objection. I don't think it is ma-

terial to any issue in the case and we think it is prejudicial.

"The Court: Overrule your objection.

"Mr. Law: Note our exception.

"Q You told the jury awhile ago that you were going back to school at noon, is that right?

"A Yes sir.

"Q Yet you were calling a married woman to try to go see her weren't you?

"A Yes I called her.

"Q And you wanted to go over there and see her didn't you?

"A Well I didn't know she was married.

"Q Well she told you she was married didn't she?

"A Yes sir.

"Q And even though that she told you she was married you told her that you were going over there anyway didn't you?

"A Yes."

The appellant contends that the trial court erred in refusing to grant his motion to exclude the extraneous circumstances which imputed immoral conduct by him in the telephone conversation he had with a married woman.

The testimony relating the telephone conversation was not pertinent to any issue raised on the trial, and shows appellant's conduct which was wholly disassociated with the offense for which he was on trial, and was of such a nature that it was reasonably calculated to prejudice his rights and deprive him of a fair and impartial trial on the issue of whether the jury would recommend that his sentence be probated.

For the reason pointed out, the judgment is reversed and the cause is remanded.

DOUGLAS, J., not participating.