**James C. BILLINGSLEY, III, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44326.**

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Sam Houston Clinton, Jr., of Clinton & Richards, Austin, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells and Phoebe Lester, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihuana. The punishment was assessed by a jury at ten years.

The judgment will be reversed.

The record reflects that appellant was arrested on January 3, 1969, at a house that he and two other persons occupied in Travis County. The arrest was pursuant to a search warrant executed at such house on that date and marihuana was recovered.

In view of the disposition herein made we will only discuss appellant's grounds of

**502**

error two and three, which have to do with "have you heard" questions.

The appellant did not testify nor offer any evidence in his behalf during the guilt stage of the trial; however, several character witnesses testified during the punishment stage.

Robert Breihan testified that he knew the appellant and was acquainted with his reputation for being a peaceable and law abiding citizen and that reputation is good. On cross-examination he was asked the "have you heard" questions complained of. The record reflects the following:

"Q. Sir, had you heard that on August 25th—had you heard—that on August 25th 'Jimbo' had written a letter to 'Blackie' stating, 'scored pounds yesterday'—

"MR. CLINTON: Just a moment; Your Honor, we are going to object to this as being irrelevant and immaterial at this stage of the case; it does not bear on the matter that the statute provides.

"THE COURT: I will overrule the objection.

"MR. CLINTON: Note our exception."

"Q. Had you heard that on the 25th of August Jim Billingsley, III, had written a letter to 'Blackie' stating, 'Scored pounds yesterday. Looks like the drought is over for Austin. Besides having dope in town, we have had about eight inches of rain. Heard that Hillary is coming back.' Had you heard that, sir?

"A. I had not heard that.

"Q. Had you heard it, would your opinion of Jim Billingsley's character have been the same as it was today?

"A. I don't know what 'Hillary' means; I have no idea. I don't know what 'scored pounds' means, except I presume that it has something to do with drugs being around."

"Q. Now, sir, have you heard that Jim Billingsley wrote to 'Norie' prior to January 3, 1970, stating, 'We were stoned, stayed stoned in D.C. on Texas Tea, went around in circles, stopped at a motel—no, no, no, not really—it was an LSD fantasy world. Just woke them up over at David S-T with a bunch of joints. We thrive, eat, drink, smoke, talk, and deal in grass and hash. Austin gets two inches higher every day. Jack, Blackie and me have a place in the country with thirty acres of land—stoned, woods, pond, trees, old wooden railroad bridge, birds, bugs; Wow—we've been talking lately about actually getting a farm for all of us to live on growing peas, watermelons, big fat squash, juicy meaty red tomatoes, brown rice, lentils, peyote, land, trees, bouillon, lettuce, onions, cider, berries, armadillos, carrots, stars, sky, green—marijuana, children, barns, wine, quiet, gentle exploding warmth;' had you heard that, would—

"MR. CLINTON: Now, Your Honor, we object to this as completely irrelevant and immaterial; it is improper procedure; it is a matter not covered by the Statute; prejudicial, inflammatory and without any predicate whatsoever. . . . it is a violation of the Defendant's right under the Constitution, First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth; and the prejudice that has now been engendered cannot be cured on the representation that the District Attorney is making before the jury.

"THE COURT: It is admissible as a 'Have you heard' question.

"MR. CLINTON: Your Honor, I submit that 'Have you heard' does not permit you to just go anywhere.

"THE COURT: Well, I am ruling according to the opinions you have read, as well as I have, Mr. Clinton.

"MR. CLINTON: We object and except to the ruling of the Court, and move for a mistrial at this time.

"THE COURT: Be overruled.

"MR. CLINTON: Note our exception.

. . . . . .

"Q. Had you heard that Jim Billingsley kept a sheet, stating 'Wendy Arthur—6 lids—8 lids to Jill; one pound—Houston; 9 lids to Hillary;' had you heard that, sir?

"A. No, sir.

"MR. CLINTON: Your Honor, we make the same objection as heretofore stated.

"THE COURT: Let the record show you have your objection without the necessity of restating your objection."

The contents of the letters were not introduced and were not before the jury.

By such cross-examination, the prosecutor went beyond the test as to whether the witness had heard of acts inconsistent with appellant's reputation being good. This court has consistently held such to be improper. Pace v. State, Tex.Cr.App., 398 S.W.2d 123. See also Webber v. State, 472 S.W.2d 136 (1971), and cases therein cited.

The judgment is reversed and the cause remanded.