**Roger Byron JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44695.**

Court of Criminal Appeals of Texas.

May 3, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug, to-wit: marihuana. The punishment was assessed by a jury at 35 years.

Appellant contends that reversible error was committed when three nude photographs of him were admitted into evidence, over objection, during the punishment stage of the trial.

State's Witness Robert B. Patterson, a Dallas police officer, testified at the punishment hearing that appellant's reputation was bad. He was then shown the photographs in question and identified them as being photographs of the appellant taken during a downtown parade in Dallas. These exhibits show the appellant walking in front of the parade and show him to be completely nude. The witness testified that he was present at the parade and saw the appellant at the time.

The state contends the exhibits were admissible at the punishment stage of the trial to show character. See Article 37.07, Sec. 3(a), Vernon's Ann.C.C.P.

This court has consistently held that specific acts of misconduct to evidence a person's bad character may not be used except where they are in the form of conviction for other crimes. e. g. Webber v. State, Tex.Cr.App., 472 S.W.2d 136. There is no evidence in the record that appellant was convicted of an offense from his performance in the parade. Even if he had been charged but not yet convicted with such an offense, evidence that such charge had been filed could not properly be admitted.

Webber v. State, supra; Garcia v. State, Tex.Cr.App., 454 S.W.2d 400.

Witnesses testifying as to the good reputation of a defendant may be asked on cross-examination whether they have heard of acts of misconduct on the part of the accused for the purpose of testing the credibility of their testimony. But even here, the prosecution may not show any personal knowledge the witness has about specific acts or conduct of the defendant.[1] e. g. Billingsley v. State, Tex.Cr.App., 473 S.W.2d 501. Surely, the prosecution should not be allowed to go further in direct examination of the state's own character witnesses than is permitted on cross-examination of a character witness for the defense.

In Leverett v. State, Tex.Cr.App., 455 S.W.2d 312, the defendant was convicted for assault to murder with malice and made application for probation. She testified in her own behalf and on cross-examination the state introduced, over objection, two letters. One she had written to her mother and another she had written to her brother and both showed specific bad character traits. This court held that the letters were of such a harmful nature and

prejudicial to the defendant's rights that their discrediting effect could not be cured by limiting instruction in the court's charge and stated at page 315:

"The matters related in the two letters which were written while appellant was confined in a mental ward of a state institution at Rusk four months before the alleged offense occurred were immaterial, collateral to and wholly disassociated with this offense. While testifying, the appellant admitted going to the house and shooting into the door, but she denied that she had any intent to harm or kill Howard Leverett. The letters were of such a nature that they would be reasonably calculated to prejudice appellant's rights before the jury in considering her credibility as a witness, *the punishment to be assessed,* and her application for probation, and they deprived her of a fair and impartial trial. 1 Branch 2d 198, Sec. 187; Warrick v. State, 119 Tex.Cr.R. 637, 45 S.W.2d 976; Ramirez v. State, 159 Tex.Cr.R. 410, 264 S.W.2d 99; Mauldin v. State, 165 Tex.Cr.R. 405, 308 S.W.2d 36; Chatterfield v. State, Tex.Cr.App., 436 S.W.2d 146." (Emphasis supplied.)

In Lewellen v. State, 172 Tex.Cr.R. 622, 361 S.W.2d 880, the defendant was convicted of driving a motor vehicle on a public highway while intoxicated. A character witness for the defendant was asked on cross-examination if he did not know that the defendant had been convicted for being drunk in a public place just a week before he was charged with the offense for which he was on trial. This court, in reversing the conviction, stated:

"It is error to ask a witness if he knows of specific acts of misconduct of accused. The state can only ask if he had heard of a specific act of misconduct. Pitcock v. State, 168 Tex.Cr.R. 204, 324 S.W.2d 855; Davis v. State, 160 Tex. Cr.R. 138, 268 S.W.2d 152; Wiley v.

---

[1]. It should be remembered, however, that there are certain exceptions to this rule. Sec. 23, Tex.Jur.2d, Evidence, Section 195.

State, 153 Tex.Cr.R. 370, 220 S.W.2d 172; Wharton v. State, 157 Tex.Cr.R. 326, 248 S.W.2d 739."

In Houghton v. State, 171 Tex.Cr.R. 91, 345 S.W.2d 535, character witnesses were cross-examined over appellant's objection concerning specific acts of misconduct and of their knowledge both concerning drinking habits and about specific occasions when such witnesses had drunk whiskey with the defendant. In reversing the conviction this court stated:

"This court has emphatically stated that a defendant in any criminal case shall not be tried before a jury for collateral matters, for the reason that it is against policy as well as being prejudicial. Furthermore, the witnesses are usually not in position to deny the truthfulness of charges included in the questions.

"In Simons v. State, 139 Tex.Cr.R. 212, 139 S.W.2d 119, 120, we said: '. . . when a defendant places in issue his reputation it does not bring before the jury *any other matter* for consideration, and the State can present only those things which deny the reputation. . . . *The appellant is not required to bring forward every act and conduct of his life to be tried before the jury.* It is sufficient, and he has met the requirements of the law, if he presents his reputation.'

"In Adaire v. State, 119 Tex.Cr.R. 381, 45 S.W.2d 984, 986, this court, speaking through Judge Christian, stated: '. . . it is not permissible, on cross-examination of a witness to the good character of the accused, to show by the witness what he knows individually about specific or particular acts of misconduct on the part of the accused. . . .'

"Reference is also made, here, to the cases of Shipley v. State, 131 Tex.Cr.R. 527, 100 S.W.2d 704, and Adams v. State, 158 Tex.Cr.R. 306, 255 S.W.2d 513, 515. In the latter case, Woodley, Judge, this court said: 'It is not . . . permissible to show by the witness what he knows individually about specific acts of misconduct of the defendant; the inquiry being limited to whether or not the witness may have heard of such unlawful act.'"

In Parrish v. State, 163 Tex.Cr.R. 252, 290 S.W.2d 245, this court reversed a murder conviction wherein a character witness was asked if he knew that on or about a specific date the defendant was arrested in Tennessee for investigation of a burglary in Ohio or Kentucky. Therein this court stated:

"We think the asking of the question in the form in which it was propounded constituted reversible error.

"The fact that the appellant had placed his general reputation in issue did not authorize the state, in combatting proof of good reputation, to show specific acts of misconduct on his part. Goss v. State, 104 Tex.Cr.R. 456, 284 S.W. 578; Adaire v. State, 119 Tex.Cr.R. 381, 45 S.W.2d 984; Edwards v. State, 127 Tex.Cr.R. 386, 77 S.W.2d 241.

"It has been the uniform holding of this Court that a character witness to the good reputation of the accused, for the purpose of testing his knowledge of the reputation, may be asked, on cross-examination, if he has heard of specific acts of misconduct on the part of the accused, but may not be asked if he knows of such specific acts of misconduct. Prater v. State, 104 Tex.Cr.R. 669, 284 S.W. 965; McNaulty v. State, 138 Tex. Cr.R. 317, 135 S.W.2d 987; Wharton v. State, 157 Tex.Cr.R. 326, 248 S.W.2d 739; and Davis v. State, 160 Tex.Cr.R. 138, 268 S.W.2d 152.

"The vice in the form of the question which inquires of the witness as to whether he knows of specific acts of

misconduct is that it asserts as a fact that the accused has committed the acts which the state is prohibited from proving.

"The question propounded to the witness clearly asserted as a fact that appellant had been arrested for investigation of a certain burglary. This fact the state was prohibited from proving, and we are unable to say that its assertion as a fact in the question propounded, notwithstanding the court's instruction, did not influence the jury in arriving at their verdict."

See also Webber v. State, supra; Rodriguez v. State, Tex.Cr.App., 272 S.W.2d 366; Herriage v. State, 158 Tex.Cr.R. 362, 255 S.W.2d 516; Green v. State, 157 Tex. Cr.R. 546, 251 S.W.2d 736.

We hold that reversible error was committed by the admission into evidence of the exhibits in question. Such exhibits show specific acts of misconduct to evidence appellant's bad character.

In view of our disposition herein, other grounds of error will not be discussed.

The judgment is reversed and the cause remanded.

ROBERTS, Judge (concurring).

I concur in the result reached by the majority of the Court, but feel that a further discussion of the reason why the photographs were inadmissible is warranted, in light of the confusion which seems to have arisen concerning the meaning of the term *character* as used in Art. 37.07, Sec. 3(a), V.A.C.C.P.

The general rule is that evidence of a defendant's bad character may not be offered by the State unless the defendant has put his character in issue. 2 McCormick & Ray, Texas Law of Evidence, § 1492. Evidence of bad character is not excluded because it is without probative value, but because it is unduly prejudicial. *Id.*

Art. 37.07, Sec. 3(a) V.A.C.C.P., permits the State to introduce evidence of the defendant's character at the punishment stage of the trial, whether placed in issue by the defendant or not, the rationale apparently being that the danger of undue prejudice in regard to the issue of guilt or innocence is no longer present, and the defendant's character is relevant as to the issue of punishment.

Under the general rule, when the defendant places his character in issue, the State may offer evidence of his bad character, but such evidence is limited to specific acts of misconduct which have resulted in convictions, and reputation. McCormick & Ray, Texas Law of Evidence, § 1492. The State may not offer evidence of specific acts of misconduct which have not resulted in conviction, as evidence of the defendant's bad character. Again, this evidence is not excluded because it is without probative value as evidence of character but rather, because of the dangers of undue prejudice, confusion of issues, and unfair surprise of the defendant. *Id.*

The prime question to be resolved, therefore, is whether Art. 37.07, Sec. 3(a), V.A.C.C.P., has abrogated the general rule in regard to evidence of specific acts of misconduct. As the majority has clearly stated, the photographs were evidence of a specific act of misconduct, and, under the general rule, are inadmissible. However, if Art. 37.07, Sec. 3(a), supra, has changed the general rule of exclusion, then their admission was not error.

Art. 37.07, Sec. 3(a), V.A.C.C.P., provides:

"(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a

court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

There has been some confusion as to the meaning of the term *character* as used in the statute. The contention is made that by use of both the term *character* and the term *reputation,* the statute changes the general rule. The argument is made that a specific act of misconduct is evidence of bad character, and that since the statute uses both terms, the general rule is no longer applicable.

Character is an intangible quality, being the sum of a person's moral qualities. Being intangible, it is, of necessity, evidenced by objective evidence from which an inference may be drawn. Reputation, criminal convictions, and specific acts of misconduct all are relevant and are of probative value as evidence of character. However, as discussed earlier, specific acts of misconduct are excluded not because they are without probative value, but because of policy reasons.

It is my opinion that the statute does not change the general rule. The last sentence of the above quoted section indicates that the statute was not intended to allow admission of specific criminal acts which have not resulted in convictions. If the general rule has been changed by the statute, then the last sentence of the section is of no effect. It has long been recognized that the terms *character* and *reputation* are often used synonymously, e. g., McCormick & Ray, supra, § 1324. Therefore, I conclude that, in light of the last sentence of the section, the term *character*, as used in the statute, refers only to the generally permissible modes of evidencing character, and does not abrogate the general rule as to the permissible types of evidence of character.

That being the case, the admission of the photographs was reversible error.