**Freddie Ray BURK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39722.

Court of Criminal Appeals of Texas.

June 25, 1966.

Rehearing Denied Oct. 26, 1966.

Robert B. Maloney (on appeal only), Dallas, Sam N. Vilches (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., John C. Vance, Tom F. Reese and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Presiding Judge.

The offense is murder with malice; the punishment, confinement in the state penitentiary for 99 years.

The record reflects that on the evening of September 3, 1964, appellant and the deceased vied for the attention of Mrs. Shirley Martin, a 15-year-old married woman separated from her husband, and that Mrs. Martin finally entered an automobile with the deceased, and the couple drove away. Appellant walked a short distance to the home of witness Tommy Anderson, with whom he was to spend the night, and armed himself with a knife, saying, "I'm going to have to whip some smart son of a bitch." Appellant then located the deceased and Mrs. Martin, stating, as he approached their vehicle, "Don't never try to mess me around," and, "Yes, you sonavabitch." Appellant then kicked the deceased, or kicked at him, and a scuffle ensued during which both combatants fell to the ground. No one saw the actual stabbing, but as the deceased arose and fled, appellant wiped a bloody knife in the grass, asking, "Which way did the sonavabitch go?" The body of the deceased was located a short distance away,

whereupon appellant made the statement, "I hope nobody rats me in." He later washed the knife blade in a sink at the home of witness Anderson, saying, "There's the knife."

Appellant thereafter fled to Oklahoma, where he was arrested and returned to Dallas County to stand trial.

Dr. Earl Rose, Medical Examiner for Dallas County, performed an autopsy upon the body of the deceased and testified that the cause of death was hemorrhage resulting from a stab wound about four and one-half inches deep, which entered the left chest area and penetrated the left lung and heart.

■ The evidence is sufficient to support the jury's verdict.

There were no objections made to the court's charge. The record contains no formal bills of exception, and we find no informal bills which merit discussion.

We overrule appellant's contention that the evidence fails to support a finding that appellant had the specific intent to kill the deceased. Green v. State, 157 Tex.Cr.R. 546, 251 S.W.2d 736; Ammann v. State, 145 Tex.Cr.R. 34, 165 S.W.2d 744.

■ Appellant urges reversal of this conviction because, prior to trial, witness Anderson allegedly refused to discuss the case with appellant's counsel after representatives of the district attorney's office had advised that witness that it would be best if he did not discuss his testimony with appellant's attorney.

The record does not reflect that appellant's counsel ever made any attempt to talk to the witness. Further, there is no indication that the state suppressed any evidence favorable to appellant, or that appellant was in any manner surprised by the testimony of that witness. It is apparent from appellant's cross-examination of Anderson that the witness knew that he was free to talk to appellant's attorney if he chose

to do so. Additionally, no motions were made to the court before, during, or after the trial, and the issue was first raised in this Court on appeal. Under these facts, no reversible error is presented.

The judgment is affirmed.